IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RUBEN ARCHIBEQUE,

        Plaintiff,

v.                                                               1:12 CV-00326 KG/KBM

JEFFREY YUKAWA, TEXTURA
CORPORATION, & CHUBB GROUP OF
INSURANCE COMPANIES,

        Defendants.

## ORDER

These matters are before the Court on Defendants' Joint Motion to Exclude Opinion Testimony of Officer D. Rush and Sgt. Wooley and to Exclude the Police Report Regarding the Accident at Issue (Defendants' Motion to Exclude), Plaintiff's Motions [*sic*] in Limine, Plaintiff's Deposition Designations, and other pretrial matters. (Docs. 62, 63, 66). On April 29, 2014, the Court held a final pretrial hearing. Present at the hearing were Lee Hunt, counsel for Plaintiff, and Minal Unruh and Rebecca Kenny, counsel for Defendants.

On April 10, 2014, Defendants filed Defendants' Motion to Exclude. On April 21, 2014, Plaintiff filed a response. (Doc. 72). At the April 29, 2014, hearing, Mr. Hunt clarified that: Plaintiff does not intend to present Officer Rush as an expert witness; Officer Rush will not give lay opinion testimony regarding the cause of the accident, however, he may give lay opinion testimony regarding the accident, such as the weather or location of the automobiles; and Sergeant Wooley will not be called as a witness. Having considered Defendants' Motion to Exclude, Plaintiff's response, and the argument of counsel at the April 29, 2014, hearing, the Court grants in part Defendants' Motion to Exclude. The Court determines that Officer Rush will not testify as an expert witness, however, Officer Rush can testify regarding her firsthand

knowledge of the accident, including any permissible lay opinions.  Finally, Officer Rush's police report is excluded at this time as cumulative evidence subject to reconsideration of the admissibility of the portion of the report documenting Defendant Jeffrey Yukawa's statement to Officer Rush.

On April 10, 2014, Plaintiff filed his Motions [*sic*] in Limine.  On April 21, 2014, Defendants filed a response.  (Doc. 75).  Having considered Plaintiff's Motions [*sic*] in Limine, Defendants' response, and the argument of counsel at the April 29, 2014, hearing, the Court grants in part Plaintiff's Motions in Limine.  The Court determines that the following is excluded: evidence of whether Plaintiff has paid his treating physicians or whether they provided him services based on a letter of protection; evidence of a child support lien against Plaintiff; and evidence of Plaintiff's past criminal convictions or charges, with the exception of Plaintiff's driver's license being revoked.  The Court defers ruling on whether the following is admissible: evidence of Plaintiff's failure to pay child support; evidence that Plaintiff's driver's license was revoked; and evidence of Plaintiff's civil litigation history, including any debt collection actions against Plaintiff.

On April 14, 2014, Plaintiff filed Deposition Designations.  On April 21, 2014, Defendants filed a response and, on April 25, 2014, Plaintiff filed a reply.  (Docs. 73, 79).  Having considered Plaintiff's Deposition Designations, Defendants' response, Plaintiff's reply, and the argument of counsel at the April 29, 2014, hearing, the Court grants in part Plaintiff's Deposition Designations.  The Court excludes the following portions of John Leatherman's deposition testimony: Page 27, lines 18-20, "I think they made a note of that in the police report, but"; and, Page 25, lines 12-14, "He, for some reason, decided that he was going to try it, I guess, or wasn't paying attention. Why he pulled out, I don't know."

Additionally, Plaintiff requested at the April 29, 2014, hearing that the Court not permit Defendants' witness, Richard Radecki, M.D, to testify because Defendants untimely filed an expert witness disclosure. The Court denies Plaintiff's request as untimely. Additionally, Plaintiff requested that the Court grant counsel leave to conduct a video deposition of Belyn Schwartz, M.D., to be used at trial, or, in the alternative, to allow Plaintiff to present Dr. Schwartz's testimony through existing deposition testimony. The Court denies Plaintiff's request to take an additional deposition of Dr. Schwartz. The Court takes judicial notice that Dr. Schwartz is over 100 miles away from Las Cruces, and grants Plaintiff's request to present Dr. Schwartz's existing deposition testimony at trial. Finally, the Court denies Plaintiff's request to show the total monetary damages sustained by Mr. Leatherman's automobile on the property damages report.

IT IS, THEREFORE, ORDERED that

1. Defendants' Motion to Exclude (Doc. 62) is granted in part in that

   a. Officer Rush will not testify as an expert witness;

   b. Officer Rush can testify regarding her firsthand knowledge of the accident, including any permissible lay opinions; and

   c. Officer Rush's police report is excluded at this time subject to reconsideration of the admissibility of the portion of the report regarding Jeffrey Yukawa's statement to Officer Rush;

2. Plaintiff's Motions [*sic*] in Limine (Doc. 63) is granted in part in that the following is inadmissible:

   a. evidence of whether Plaintiff has paid his treating physicians or whether they provided him services based on a letter of protection;

      b. evidence of a lien against Plaintiff for unpaid child support and Plaintiff's failure to pay child support; and

      c. evidence of Plaintiff's past criminal convictions or charges, with the exception of Plaintiff's driver's license being revoked;

the Court defers ruling on whether the following is admissible:

      a. evidence of Plaintiff's failure to pay child support;

      b. evidence that Plaintiff's driver's license was revoked; and

      c. evidence of Plaintiff's civil litigation history;

3. Plaintiff's Deposition Designations (Doc. 66) is granted in part in that the Court excludes the following portions of Mr. Leatherman's deposition testimony:

      a. Page 27, lines 18-20, "I think they made a note of that in the police report, but"; and

      b. Page 25: lines 12-14, "He, for some reason, decided that he was going to try it, I guess, or wasn't paying attention. Why he pulled out, I don't know."

4. the Court denies as untimely Plaintiff's request to strike Dr. Radecki as a witness;

5. the Court denies Plaintiff's request for leave to depose Dr. Schwartz;

6. the Court grants Plaintiff's request to present Dr. Schwartz's existing deposition testimony at trial; and

7. the Court denies Plaintiff's request to show the total monetary damages sustained by Mr. Leatherman's automobile on the property damages report.

                                                               _____
                                                                UNITED STATES DISTRICT JUDGE